IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK CHARLES BRANCH,  No. 2:15-cv-1704-JAM-CMK-P

    Plaintiff,

  vs.  FINDINGS AND RECOMMENDATION

GARY SWARTHOUT,

    Defendants.

_____/

    Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. See id. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dept. Of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008)).

Upon review of the complaint and the court's docket, it appears this action is identical to another case plaintiff filed in this court, Branch v. Swarthout, 2:15-cv-0528-EFB. That prior case was dismissed with prejudice on July 6, 2015. Plaintiff then filed this duplicative action on August 10, 2015. In both cases, plaintiff is challenging the length of his confinement. He contends he should have been released from prison by November 14, 2007, but that he was illegally confined until September 12, 2014. The complaints filed in both actions are nearly identical. Thus, this action should be dismissed as duplicative.

In addition, as set forth in the decision dismissing the prior case, plaintiff is attempting to challenge the length of his confinement which sounds in habeas, not a § 1983 action. See 28 U.S.C. § 2254, Preiser v. Rodriguez, 411 U.S. 475 (1973). Where a § 1983 action

seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994). The court previously determined plaintiff had challenged the length of his sentence in a federal habeas action filed in the Southern District of California, which was denied. See Order, Doc. 7, Branch v. Swarthout, 2:15-cv-0528-EFB. Thus, because his sentence was not reversed or invalidated, his § 1983 challenge is Heck-barred.[1]

Based on the foregoing, the undersigned recommends that this action be dismissed as duplicative of Branch v. Swarthout, 2:15-cv-0528-EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2017

                                      /s/ Craig M. Kellison
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The court also found the doctrine of res judicata could also bar plaintiff's claim as he had challenged the sentence in a habeas petition. The same could apply to this case. See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993) (per curiam).